IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SHALAYA WATSON, | § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 4:21-CV-002489 |
| HYUNDAI MOTOR AMERICA, | § § | |
| DEFENDANT. | § § | |

### DEFENDANT HYUNDAI MOTOR AMERICA'S NOTICE OF REMOVAL

TO THE HONORABLE U.S. DISTRICT COURT JUDGE:

COMES NOW Defendant Hyundai Motor America ("HMA"), and pursuant to 28 U.S.C. §§ 1332, 1441(a), and 1446(a), removes this case from the 133rd Judicial District Court of Harris County, Texas, to the United States District Court for the Southern District of Texas, Houston Division. In support of this removal, HMA respectfully offers this Court the following:

### I.
### BRIEF FACTUAL AND PROCEDURAL BACKGROUND

1. This negligence case arises from a car accident that occurred on September 17, 2019 when plaintiff was driving a Hyundai Sonata (the "Subject Vehicle"). *See* Exhibit A (Plaintiff's Original Petition) at ¶ 8. Plaintiff alleges she was injured in the accident because the Subject Vehicle's seatbelt did not properly restrain her.

2. On December 18, 2020, plaintiff sued HMA in the 133rd Judicial District Court of Harris County, Texas. *Id*. Plaintiff alleges her injuries were caused by HMA's negligence, negligence per se, and gross negligence. *Id*. at ¶¶ 15-17.

3. HMA timely files this Notice of Removal because there is complete diversity of citizenship and plaintiff's alleged damages exceed the jurisdictional limits of this Court.

## II.
### REMOVAL IS TIMELY

4. HMA was served with a copy of Plaintiffs' Original Petition on July 9, 2021. *See* Exhibit B (Service of Process Transmittal). Under 28 U.S.C. §1446(b)(3), HMA files this Notice of Removal within 30 days after service and receipt of Plaintiff's Original Petition. And this case is being removed within one year of commencement, as required under 28 U.S.C. §1446(c)(1).

## III.
### GROUNDS FOR REMOVAL

5. Removal is proper because subject-matter jurisdiction is established under 28 U.S.C. §1332(a).

A. <u>Amount in Controversy Exceeds $75,000</u>

6. The amount in controversy exceeds the sum or value of $75,000.00. Plaintiff seeks to recover "all or some of the following damages": (a) physical pain and mental anguish; (b) impairment; (c) disfigurement; (d) loss of consortium; (e) medical expenses; (f) lost wages/lost wage-earning capacity; (g) inconvenience; and (h) loss of enjoyment of life. Exhibit A (Plaintiff's Original Petition.) at ¶ 16. Plaintiff also seeks to recover exemplary damages. *Id*. at ¶ 17.

7. Plaintiff's pre-suit settlement demand alleges damages of $69,970.00 "Without Mental Anguish, Pain and Suffering Lost Wages or futures at this time." Exhibit E (Pre-Suit Notice) at p. 3. The pre-suit demand further alleges "Futures are Approximated at $10,000.000 for additional ESI Injections." *Id*. And plaintiff's total pre-suit demand – which includes damages for period of peril, medical expenses, permanent future harm, loss of enjoyment of life, instant of impact, post-impact unassisted, during transportation, treatment in therapy, between therapy treatment, preoperative testing, rehabilitative frustration, return to home duties, major v. minor injuries, post frustration, and surgery and on-going medical surveillance – amounts to $148,470.00. *Id*. at 9.

B. Complete Diversity of Citizenship.

8. There is also complete diversity of citizenship between all parties. Plaintiff is a citizen of Texas. Exhibit A (Plaintiff's Original Petition) at ¶ 2. HMA is a citizen of California because it is a California corporation and has its principal place of business in California. *See* 28 U.S.C. §1332(c)(1) (instructing "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."). HMA is *not* a citizen of Texas.

IV.
VENUE IS PROPER

9. Venue is proper in this court under 28 USC §1441(a), because this district and division embrace the place in which the removed State court action has been pending.

Specifically, the Harris County District Court is in the United States District Court of the Southern District of Texas, Houston Division. *See* 28 U.S.C. §124(d)(2).

## V.
### HMA HAS COMPLIED WITH ALL PROCEDURAL REQUIREMENTS

10. As required under 28 U.S.C. §1446(a) and Local Rule 81, copies of all process, pleadings, and orders served upon HMA are attached to this Notice of Removal, along with an index of matters being filed, and include the following:[1]

- Exhibit A:   Plaintiffs' Original Petition; and
- Exhibit B:   Return of Service – HMA
- Exhibit C:   The state court docket sheet;
- Exhibit D:   A list of all counsel of record, including addresses, telephone numbers and parties represented;
- Exhibit E:   Pre-Suit Notice.

11. Upon filing this Notice of Removal, HMA will also file its Corporate Disclosure Statement, as required under Federal Rule of Civil Procedure 7.1.

12. On filing of this Notice of Removal, HMA will promptly provide written notice to Plaintiff and file a copy of this Notice of Removal with the clerk of the state court where the suit has been pending, in accordance with 28 U.S.C. § 1446(d).

13. Pursuant to Local Rule 3, HMA attaches a civil action cover sheet (JS44c).

14. A filing fee of $402 has been tendered to the Clerk of the United States District Court for the Southern District of Texas, Houston Division.

---

[1] The state court judge(s) did not sign any orders in this case.

15. If this Court identifies a defect in this Notice of Removal, HMA respectfully requests this Court to grant HMA leave to amend this Notice and cure the defect. *See, e.g., Sutton v. Advanced Aquaculture Sys., Inc.*, No. 07-CV-175-XR, 2007 WL 1032339, at *1 (W.D. Tex. April 3, 2007) (explaining "Defendants may still amend their notice of removal after the expiration of the original 30-day time limit for removal."); *Lafayette City-Parish Consol. Government v. Chain Elec. Co.*, No. 11–1247, 2011 WL 4499589, *7 (W.D. La. Sept. 23, 2011) (explaining "defendants may freely amend the notice of removal required by section 1446(b).").

16. By filing this Notice of Removal, HMA does not waive any legal defenses, but expressly reserves its right to raise any legal defenses in subsequent pleadings in this Court.

## VI.
### DEMAND FOR JURY TRIAL

17. HMA hereby demands a jury trial.

## VII.
### CONCLUSION

Based on the foregoing, HMA removes this case to this Court. This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure, as required under 28 U.S.C. § 1446(a).

Respectfully submitted and signed pursuant to Federal Rule of Civil Procedure 11,

GERMER BEAMAN & BROWN, PLLC
One Barton Skyway
1501 S. Mopac Expy, Suite A400
Austin, Texas 78746
(512) 472-0288 Telephone
(512) 472-0721 Facsimile

By: /s/ Thomas M. Bullion III
    Thomas M. Bullion III
    tbullion@germer-austin.com
    State Bar No. 03331005
    Federal Bar No. 14690
    Chris A. Blackerby
    cblackerby@germer-austin.com
    State Bar No. 00787091
    Federal Bar No. 20016

ATTORNEYS FOR DEFENDANT
HYUNDAI MOTOR AMERICA

CERTIFICATE OF SERVICE

This instrument was served on the following counsel in compliance with Rule 5 of the Federal Rules of Civil Procedure on August 2nd, 2021:

Willie D. Powells, ChE, JD, MBA
One Arena Place
7322 S.W. Fwy, Ste. 2010
Houston, Texas 77074
Email: Willie@WilliePowellsLawFirm.com

/s/ Thomas M. Bullion III
Thomas M. Bullion III