# EXHIBIT A

Case 4:21-cv-02489 Document 1-2 Filed on 08/02/21 in TXSD Page 2 of 5

12/18/2020 4:24 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 49104876
By: Cynthia Clausell-McGowan
Filed: 12/18/2020 4:24 PM

Cause No. _____

| | | |
|---|---|---|
| SHALAYA WATSON | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | ____ JUDICIAL DISTRICT |
| | § | |
| HYUNDAI MOTOR AMERICA | § | HARRIS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff herein Shalaya Watson, complaining of Defendant HYUNDAI MOTOR AMERICA herein and for causes of action would respectfully show the Court as follows:

### I.

### DISCOVERY CONTROL PLAN

1. Plaintiff intends to conduct discovery under Level 2 of Rule 190 of the Texas Rules of Civil Procedure, as this is a suit for monetary damages and relief aggregating more than $50,000.00 and because Plaintiff anticipates seeking Injunctive Relief.

### II.

### PARTIES

2. Plaintiff, Shalaya Watson, (hereinafter referred to as the "Plaintiff") is a Texas Resident in Harris County Texas.

3. Defendant, HYUNDAI MOTOR AMERICA, is a company authorized to do business in the State of Texas and can be served by serving its registered agent National Registered Agents, Inc. 1999 Bryan St., Suite 900, Dallas, TX 75201.

4. Additionally, pursuant to Rule 194 of the Texas Rules of Civil Procedure, each

Defendant is formally requested and required to disclose, within 50 days of service of this request, the information or material described in Rule 194.2 of the Texas Rules of Civil Procedure.

5. To the extent any or the above-named Defendant is conducting business pursuant to a trade name or assumed name, then suit is brought against them pursuant to the terms of RULE 28, TEXAS RULES OF CIVIL PROCEDURE, and Plaintiff hereby demands that upon answering this suit, the Defendant answers in its correct legal name and assumed name.

### III.

### JURISDICTION AND VENUE

6. This Court possesses jurisdiction of the causes of action asserted herein because the damages sought pursuant hereto exceed the minimum jurisdictional requirements of this Court.

7. Venue is appropriate in Harris County, Texas concerning all causes of action asserted herein pursuant to Sections 15.002, 15.005, 15.011, 15.013 and 15.0151 of the Texas Civil Practice and Remedies Code.

### IV.

### FACTS

8. On or about September 17, 2019, Plaintiff was involved in a motor vehicle accident.

9. Plaintiff was wearing her seatbelt.

10. The seatbelt of her vehicle, the Hyundai Sonata, did not work properly.

11. Plaintiff was thrown over the steering wheel due to the seatbelt not tightening.

12. Plaintiff was injured as a result of the collision.

13. The Plaintiff presented her medical bills to Defendant, and Defendant informed

Plaintiff, even though Defendant was aware of what occurred, and Defendant was aware it was not the Plaintiff's fault, and after the Defendant had an opportunity to acknowledge that they were at fault, Defendant, still refused to pay for Plaintiff's medical bills and did not care to make the Plaintiff whole again.

## V.

## CAUSES OF ACTION

14.  To the extent necessary, Plaintiff hereby incorporates herein by reference all of the factual allegations contained hereinabove in Paragraphs 1 through 13, the same as though recited herein verbatim, and as being applicable to each and every cause of action asserted below.

## VI.

## NEGLIGENCE DAMAGES

15.  The occurrence made the basis of this suit, referred to in this petition, and the Plaintiff's resulting injuries and damages were proximately caused, aggravated or accelerated by the negligent conduct of the Defendant.

16.  Each of the before mentioned acts and/or omissions, singularly or in combination with others, constituted negligence or negligence per se that proximately caused the occurrence made the basis of this action and Plaintiffs' injuries and damages. Plaintiff has suffered all or some of the following damages: <u>physical pain and mental anguish, impairment, disfigurement, loss of consortium, medical expenses, lost wages/lost wage-earning capacity, inconvenience, and loss of enjoyment of life.</u> This suit is brought for all such applicable damages, for an amount within the jurisdictional limits of this Court.

17. Further, the conduct of Defendant on the occasion in question, as set forth above was in reckless disregard and conscious indifference of the rights, safety, welfare, and property of others. Such conduct by said Defendant was more than momentary thoughtlessness, inadvertence, or error of judgment. Rather, said conduct of Defendant creates liability on the part of Defendant not only for actual damages caused to Plaintiffs, but also for exemplary damages as defined and recoverable by Texas law.

## VII.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff Shalaya Watson prays that she is awarded judgment against the Defendant, for any and all damages for which she is entitled in an amount within the discretion of the Jury, and within the jurisdictional limits of this Honorable Court.

Respectfully submitted,

By: */s/ Willie D. Powells III*
Willie D. Powells III, ChE, JD, MBA
SBN: 24053427
One Arena Place
7322 S.W. Fwy., Ste. 2010
Houston Texas 77074
Tele: (281) 881-2457
Fax: (713) 583-3100
Willie@WilliePowellsLawFirm.com

**ATTORNEY FOR PLAINTIFF**